UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER VERNON DOWNEY, | : | Case No. 1:07-cv-253 |
| | : | |
| Plaintiff, | : | Spiegel, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| UNIVERSITY OF CINCINNATI, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANTS' MOTION TO DISMISS BE GRANTED, AND (2) THIS CASE BE CLOSED.**

This civil rights case is before the Court on Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  (Doc. 9.)  For the reasons that follow, the motion to dismiss should be granted, and this case should be closed.

## I.  BACKGROUND

Plaintiff Christopher Vernon Downey initiated this action by filing a *pro se* complaint against four defendants:  the University of Cincinnati, the University of Cincinnati Medical Center, James Curell, Ph. D., and Quinton Moss, Ph. D.  (Doc. 1.)  Seeking monetary relief and injunctive relief, Plaintiff claims that Defendants violated federal mental health laws, *i.e.*, The Restatement of Bill of Rights for Mental Health Patients, 42 U.S.C. § 10841, and thereby denied him his constitutional and civil rights.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Specifically, he alleges that from April 1 to April 8, 2005 he was confined in the University of Cincinnati Hospital against his will, that he was misdiagnosed with Bipolar Disorder, and that he was forced to take inappropriate medication.  Plaintiff also alleges that his right to engage in demonstration and civil dissent was abridged by University of Cincinnati employees and that Dr. Currell sought to restrict his free speech.  Plaintiff further describes alleged abusive treatment occurring in 2000 as well as difficulties encountered during divorce proceedings occurring at an unspecified time.

Defendants seek dismissal on the grounds that § 10841 does not create any enforceable federal rights and that the University of Cincinnati and the University of Cincinnati Medical Center are entitled to absolute immunity from suit under the Eleventh Amendment.

## II.  STANDARD OF REVIEW

On consideration of a motion to dismiss, the court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations [of the plaintiff] as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief."  *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004) (citations omitted); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

Because Plaintiff brings this case *pro se*, the court liberally construes his allegations in his favor.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992) (*pro se* pleadings should be construed more liberally than pleadings drafted by lawyers).  Moreover, "[a] *pro se* plaintiff's complaint

is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting in part *Estelle*, 429 U.S. at 106).  The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

### III.  DISCUSSION

To state a claim based on an alleged violation of civil and constitutional rights, Plaintiff must allege sufficient facts, if taken as true, to establish that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law.  *See Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998).  Additionally, claims for alleged civil rights violations in Ohio are subject to a two-year statute of limitations.  *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (*en banc*).

Plaintiff cannot state a claim based on the alleged violations of The Restatement of Bill of Rights for Mental Health Patients because 42 U.S.C. § 10841does not create a "right secured by the Constitution or laws of the United States." *See Monahan v. Dorchester Counseling Ctr., Inc.*, 961 F.2d 987, 994-95 (1st Cir. 1992); *Smith v. Au Sable Valley Cmty. Mental Health Servs.*, 431 F. Supp. 2d 743, 750-51 (E.D. Mich. 2006.)

Plaintiff cannot state a claim based on an alleged violation of his First Amendment rights because he has not alleged any conduct by the named defendants that resulted in a

limitations of his rights.  He alleges simply that, while protesting the existence of prostitution, he was taken by an unidentified police officer to the University of Cincinnati Hospital.  (*See* Doc. 1 at 1.)  His allegation that Dr. Currell sought to restrict his Right to Free Speech by painting him as psychotic (*see id.* at 6) does not state a claim became it is is "wholly conclusory and unsupported by facts."  *See Mulazim v. Corrigan*, 7 Fed. Appx. 427, 431 (6th Cir. 2001).

Plaintiff cannot state a claim for any alleged violations occurring in the year 2000 because such claims are barred by the statute of limitations.  *See Browning,* 869 F.2d at 992.

Finally, Plaintiff fails to state a claim for damages against the University of Cincinnati and the University of Cincinnati Hospital to the extent that he acknowledges that "[t]he University of Cincinnati is an institution owned and operated by the State of Ohio."  (*See* Doc. 1 at p. 1.)  The Eleventh Amendment bars suits for money damages against the state.  *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam*); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

## VI.  CONCLUSION

In summary, it appears beyond doubt that Plaintiff can present no set of facts that would entitle him to relief.  **IT IS THEREFORE RECOMMENDED THAT** Defendants' motion to dismiss (Doc. 9) be **GRANTED**.  As no further matters are pending for this Court's review, the case should be **CLOSED**.

Date:   11/5/07                                                           s/Timothy S. Black
                                                                        Timothy S. Black
                                                                        United States Magistrate  Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER VERNON DOWNEY, | : | Case No. 1:07-cv-253 |
| | : | |
| Plaintiff, | : | Spiegel, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| UNIVERSITY OF CINCINNATI, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof. That period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).